IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Becky Kirk, Perry Ayoob, and Dawn Karzenoski, as representatives of a class of similarly situated persons, and on behalf of the CHS/Community Health Systems, Inc. Retirement Savings Plan,<br><br>Plaintiffs,<br>v.<br><br>Retirement Committee of CHS/Community Health Systems, Inc., CHS/Community Health Systems, Inc., John and Jane Does 1-20, Principal Life Insurance Company, Principal Management Corporation, and Principal Global Investors, LLC,<br><br>Defendants. | Case No. 3:19-cv-00689<br><br>Judge William L. Campbell, Jr.<br><br>Magistrate Judge Barbara D. Holmes |

**ORDER PRELIMINARILY APPROVING PARTIAL CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, APPROVING PROCEDURE AND FORM OF CLASS NOTICE AND SCHEDULING FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiffs' Motion for Preliminary Approval (the "Motion For Preliminary Approval") of a proposed partial class action settlement of the above-captioned action (the "Action") between Plaintiffs Becky Kirk, Perry Ayoob, and Dawn Karzenoski ("Plaintiffs"), on behalf of a class of participants in the CHS/Community Health Systems, Inc. Retirement Plan (the "Plan"), and Defendants Retirement Committee of CHS/Community Health Systems, Inc. and CHS/Community Health Systems, Inc. (collectively, the "Settling Defendants"), as set forth in the Class Action Settlement Agreement and Release Between Plaintiffs and the Settling Defendants (the "Settlement Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:[1]

---

[1] All capitalized terms set forth in this Order have the meaning ascribed to them as set forth in the Settlement Agreement, unless otherwise stated herein.

1. The Court has read and considered the Settlement Agreement, including its Exhibits, and having heard from the Plaintiffs and Settling Defendants ("Settling Parties"), hereby preliminarily approves the Settlement Agreement in its entirety.

2. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is cause to believe that (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, (iii) the form of Class Notice of the Settlement and of the Fairness Hearing is appropriate and warranted; and (iv) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and is not a coupon settlement for purposes of 28 U.S.C. § 1712. The Settlement Agreement and this Order, collectively or individually, are not a finding or admission of liability by the Settling Defendants or any other party.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(1), and for settlement purposes only, the Court certifies the proposed Class, consisting of:

> All current and former participants in the Plan who had an account balance greater than $0.00 in the Disputed Investments at any point during the Class Period and their beneficiaries.

For purposes of this Order, the Disputed Investments consist of those investments described in Paragraph 1.14 of the Settlement Agreement and include "the suite of Retirement Target Date separate accounts managed by Principal and the standalone Principal Large Cap S&P 500 Index fund, Principal MidCap S&P 400 Index fund, and Principal SmallCap S&P 600 Index fund offered in the Plan."

4. For settlement purposes, the Court hereby preliminarily approves the appointment of Plaintiffs Becky Kirk, Perry Ayoob, and Dawn Karzenoski as Class Representatives.

5. For settlement purposes, the Court hereby preliminarily approves the appointment of Paul J. Lukas, Kai H. Richter, Brock Specht, Carl Engstrom and Jacob Schutz of Nichols Kaster, PLLP, and Jerry Martin and David Garrison of Barrett Johnston Martin & Garrison, LLC as Class Counsel.

6. Pursuant to the Settlement Agreement, Analytics Consulting LLC is hereby appointed the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. Analytics Consulting LLC, or its designee, is additionally appointed the Escrow Agent and shall be required to perform all the duties of the Escrow Agent as set forth in the Settlement Agreement and this Order.

7. The Court approves the proposed Class Notice as a means of giving direct notice to Settlement Class Members by mail and also by establishing a Settlement Website, as more fully described in the Settlement Agreement.[2] The proposed form of Class Notice fairly and adequately: (A) describes the terms and effect of the Settlement Agreement and of the Settlement, (B) gives notice to the Settlement Class of the time and place of the hearing of the motion for final approval of this Settlement Agreement, and (C) describes how and by when Settlement Class Members may object to approval of the Settlement Agreement. The Class Notice, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. No later than forty (40) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Settlement website

---

[2] The proposed class notice should be modified to replace all references to the "Western District" with the "Middle District."

to be published on the Internet.  No later than forty (40) calendar days following the entry of this Preliminary Approval Order and in accordance with the terms of the Settlement Agreement, the Settlement Administrator shall disseminate the Class Notice that is Exhibit A to the Settlement Agreement via First-Class U.S. Mail to the Settlement Class Members .

8. Any Settlement Class Member may comment in support of or in objection to the Settlement Agreement; provided, however, that all comments and objections must be filed with the Court and be mailed or otherwise delivered to Class Counsel and Settling Defendant's Counsel by sixty (60) days after the Class Notice is first sent to the Class (the "Objection Deadline"). Any Settlement Class Member represented by counsel may file their objection through the Court's CM/ECF system and need not separately mail a copy to Class Counsel or Settling Defendants' Counsel. A Settlement Class Member who objects to the Settlement need not appear at the Fairness Hearing for his, her, or its objection to be considered by the Court. All objections from Settlement Class Members must include in the written objection his, her, or its name and address; state that he, she, or it is a Settlement Class Member; state the specific grounds for the objection; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); provide a physical signature for the objecting Settlement Class Member; and provide a statement indicating whether the objector intends to appear at the Fairness Hearing.

9. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

10. On April 12, 2021 at 1:30 p.m. or at such other date and time later set by Court Order, in courtroom A826 of the Estes Kefauver Federal Building & Courthouse, 801 Broadway, Nashville, TN 37203, or via telephone or any other virtual format ordered by the Court, this Court

4
Case 3:19-cv-00689   Document 101   Filed 12/08/20   Page 4 of 7 PageID #: 2020

will hold a hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for Administrative Expenses should be granted, and in what amount. No later than fourteen (14) days prior to the Objection Deadline, Class Counsel shall file an application for Administrative Expenses. No later than March 29, 2021, Plaintiffs shall file papers in support of final approval of the Settlement Agreement and in response to any written objections. The Settling Defendants may (but are not required to) also file papers in support of final approval of the Settlement Agreement, so long as they do so no later than March 29, 2021.

11. Each Settlement Class Member and his or her respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from alleging against any Settling Defendants' Releasee any of the Plaintiffs' Released Claims in any action or proceeding, even if any Settlement Class Member may thereafter discover facts in addition to or different from those which the Settlement Class Member or Class Counsel now know or believe to be true with respect to the Action and Plaintiffs' Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of Plaintiffs' Released Claims against the Settling Defendants or the Settling Defendants' Releasees.

12. Plaintiffs' Releasees are preliminarily enjoined from commencing, prosecuting or asserting any Claims against any other Person or entity (including other Plaintiffs' Releasees) where the claim is or arises out of the Plaintiffs' Released Claims, including any claim in which any of Plaintiffs' Releasees seek to recover from any Person or entity (including other Plaintiffs'

Releasees): (i) any amounts any Settling Defendants' Releasees have or might become liable to pay to the Settlement Class or any Settlement Class member; and/or (ii) any costs, expense, or attorneys' fees from defending any claim by any Settlement Class Member. All such Claims shall be extinguished, discharged, satisfied and unenforceable.

13. The Settlement Agreement, the Settling Parties' statements and filings relating to the approval of the Settlement Agreement, and this Order, are not and shall not be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Settling Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Settling Parties or any released party. However, nothing contained herein shall be construed to prevent the Settling Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

14. The certification of the Class set forth in paragraph 3 of this Order shall be binding only with respect to the partial settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Parties and Settlement Class Members will be restored to their respective positions as of the day immediately prior to the date on which the District Court stayed this matter pending settlement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, any order entered by the Court pursuant to the terms of the Settlement Agreement

shall be treated as vacated nunc pro tunc, and no reference to the Class set forth in paragraph 3 of this Order, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

15. This Action, as to all parties and all deadlines except as to the Settling Parties' obligations in connection with the partial Settlement, is hereby stayed from the date of the entry of this Order until the Effective Date of the Settlement, or until the Settlement is Terminated pursuant to Section 10 of the Settlement Agreement. Upon expiration of this stay, the then-remaining parties to this Action shall seek a status conference to set a revised schedule for the remaining deadlines in the Action.

**IT IS SO ORDERED.**

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE