IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Becky Kirk, Perry Ayoob, and Dawn Karzenoski, as representatives of a class of similarly situated persons, and on behalf of the CHS/Community Health Systems, Inc. Retirement Savings Plan,<br><br>Plaintiffs,<br>v.<br><br>Retirement Committee of CHS/Community Health Systems, Inc., CHS/Community Health Systems, Inc., John and Jane Does 1-20, Principal Life Insurance Company, Principal Management Corporation, and Principal Global Investors, LLC,<br><br>Defendants. | Case No. 3:19-cv-00689<br><br>Judge William L. Campbell, Jr.<br><br>Magistrate Judge Barbara D. Holmes |

## ORDER APPROVING
## PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT

This matter came before the Court on a Fairness Hearing on April 12, 2021 regarding Plaintiffs' Motion for Final Approval of the Partial Class Action Settlement between Plaintiffs and Defendants Retirement Committee of CHS/Community Health Systems, Inc. and CHS/Community Health Systems, Inc. (the "Settlement Agreement").[1] Having duly considered the Settlement Agreement which the Court preliminarily approved on December 8, 2020, the papers submitted in support of Plaintiffs' Motion for Final Approval, the arguments of counsel, the report of the Independent Fiduciary authorizing the Settlement on behalf of the Plan, and all files, records, and proceedings in this matter, and finding no objections to the Settlement

---

[1] The partial Settlement appears on the docket at ECF No. 100-3 and resolves Plaintiffs' claims against the Retirement Committee of CHS/Community Health Systems, Inc. and CHS/Community Health Systems, Inc. (the "CHS/ Defendants"). Plaintiffs' claims against Principal Life Insurance Company, Principal Management Corporation, and Principal Global Investors, LLC (the "Principal Defendants") are not released by the Settlement.

Agreement from any of the Parties or any Settlement Class Members, the Court hereby orders as follows:[2]

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. For settlement purposes only, the Court confirms that it has jurisdiction over the subject matter of this Action.[3]

2. All conditions to final approval of the Settlement under Section 3.3.4 of the Settlement Agreement and Federal Rule of Civil Procedure 23 have been satisfied.

3. For settlement purposes only, the Court confirms the certification of the following Settlement Class under Rule 23(b)(1) of the Federal Rules of Civil Procedure:

> All current and former participants in the Plan who had an account balance greater than $0.00 in the Disputed Investments at any point during the Class Period and their beneficiaries.[4]

For purposes of this Order, the Disputed Investments consist of those investments described in Paragraph 1.14 of the Settlement Agreement and include "the suite of Retirement Target Date separate accounts managed by Principal and the standalone Principal Large Cap S&P 500 Index fund, Principal MidCap S&P 400 Index fund, and Principal SmallCap S&P 600 Index fund offered in the Plan." Pursuant to Paragraph 1.12 of the Settlement Agreement, the Class Period runs from August 8, 2013 through the date of the Court's Preliminary Approval Order on December 8, 2020.

---

[2] All capitalized terms set forth in this Order have the meaning ascribed to them as set forth in the Settlement Agreement, unless otherwise stated herein.

[3] The Court's determination that it has jurisdiction to enter this Order Approving Plaintiffs' Motion for Final Approval of Partial Class Action Settlement is without prejudice to any arguments the Principal Defendants may have regarding this Court's jurisdiction over the claims against them, including but not limited to lack of Article III standing.

[4] The Court's approval of the Settlement Class is without prejudice to any arguments the Principal Defendants may have regarding the appropriateness of certifying a class with respect to the claims against them.

All necessary criteria for certification of the Settlement Class have been satisfied under Federal Rule of Civil Procedure 23(a) and 23(b)(1).[5]

4. The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been fulfilled.

5. The form and method of notifying the Settlement Class Members of the terms and conditions of the Settlement Agreement satisfied the requirements of Federal Rule of Civil Procedure 23 and due process; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons entitled thereto of the terms and conditions of the Settlement Agreement and the right to object and appear at the Fairness Hearing.

6. Based on the evidence submitted by the parties, the Court approves the Settlement Agreement in its entirety and adjudges the terms thereof to be fair, reasonable, adequate, and in the best interests of the Settlement Class.

7. The Plan of Allocation is also hereby approved as fair, reasonable and equitable.

8. The Action is hereby dismissed with prejudice as to the Settling Defendants and without an award of costs, except as provided in the Settlement Agreement.

9. As of the Effective Date, all Plaintiffs' Released Claims against Settling Defendants' Releasees, and all Settling Defendants' Released Claims against Plaintiffs' Releasees, shall be extinguished, discharged and released, subject only to compliance by the Plaintiffs and Settling Defendants with the terms of the Settlement Agreement and this Order.

---

[5] The Court reaffirms the appointment of Becky Kirk, Perry Ayoob, and Dawn Karzenoski as the Class Representatives for the Settlement Class. The Court also reaffirms the appointment of Paul J. Lukas, Kai H. Richter, Brock Specht, Carl Engstrom and Jacob Schutz of Nichols Kaster, PLLP, and Jerry Martin and David Garrison of Barrett Johnston Martin & Garrison, LLC as Class Counsel for the Settlement Class.

10. As of the Effective Date, the Settling Parties shall be barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any or all of Plaintiffs' Released Claims against Settling Defendants' Releasees and Settling Defendants' Released Claims against Plaintiffs' Releasees.

11. As of the Effective Date, Plaintiffs, Settlement Class Members, and the Plan shall be permanently enjoined from asserting, commencing, prosecuting or continuing, either directly, individually, representatively, derivatively or in any other capacity, any other actions in any court asserting such Plaintiffs' Released Claims or from receiving any additional recovery or relief from any of Settling Defendants' Releasees with respect thereto.

12. As of the Effective Date, all Barred Persons and any Person purporting to act on their behalf or asserting any Claim under or through them shall be barred, enjoined, and restrained from commencing, prosecuting, or asserting any Barred Claims against the Settling Defendants' Releasees in any forum, action or proceeding of any kind. All such Barred Claims shall be extinguished, discharged, satisfied, and unenforceable.

13. Any judgment entered against the Barred Persons in this Action, whether entered in the course of the litigation or in connection with a settlement between any Barred Persons and Plaintiffs, will not be subject to a judgment reduction.

14. Subject to Paragraph 4.5 of the Settlement Agreement, as of the Effective Date, Plaintiffs' Releasees shall be barred, enjoined, and restrained from commencing, prosecuting or asserting any Claims against any other Person or entity (including other Plaintiffs' Releasees), where the claim is or arises out of the Plaintiffs' Released Claims, including any claim in which any Plaintiffs' Releasees seeks to recover from any Person or entity (including other Plaintiffs' Releasees): (i) any amounts any Settling Defendants' Releasees have or might become liable to

4

pay to the Settlement Class or any Settlement Class Member; and/or (ii) any costs, expense, or attorneys' fees from defending any claim by any Settlement Class Member. All such Claims shall be extinguished, discharged, satisfied and unenforceable.

15. The terms of the Settlement Agreement and of this Final Approval Order shall be forever binding on the Class Representatives, Settlement Class Members, and all of their successors and assigns, and the Settlement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings involving the released claims.

16. The Court hereby retains continuing jurisdiction over all Settling Parties, the Settlement Class, the Action, and this Settlement Agreement to resolve any dispute that may arise regarding this Settlement Agreement or the orders and notice referenced in paragraph 11.1 of the Settlement Agreement, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement Agreement, and no Settling Party shall oppose the reopening and reinstatement of the Action on the Court's active docket for the purposes of effecting this paragraph.

Dated: <u>  April 12  </u>, 2021.

                                                                William L. Campbell, Jr.
                                                                United States District Judge